```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

CONNALLY CONTRACTING COMPANY   )
                               )
          Plaintiff,           )
                               )
     v.                        )    1:06cv312(JCC)
                               )
LOCAL COMMUNICATIONS           )
NETWORK, INC., t/a LCN, et al.)
                               )
                               )
          Defendants.          )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on third party defendant Bryan Bailey's motion to dismiss for lack of personal jurisdiction. For the reasons stated below, the Court will grant the motion.

## **I. Background**

Third party plaintiff Local Communications Network, Inc., t/a LCN ("LCN") has brought this action against third party defendant Bryan Bailey ("Bailey"), alleging tortious interference with contract. This action arises from the alleged disruption and interference with the contract between LCN and the Marlin Group in Benin, Africa.

Bailey is an individual citizen and a resident of the state of Texas, hired by counter-defendant and Plaintiff Connally to negotiate and perform the Benin contract. In the original

Complaint in this action, Plaintiff Connally alleged breach of the LCN/Connally contract, (alternatively pleading quantum meruit and unjust enrichment), on the grounds that Defendant LCN terminated the contract and refused to pay the balance due. Defendant LCN filed counterclaims against Connally for breach of contract, fraudulent inducement of contract, money had and received, and tortious interference with the LCN/Marlin Group contract in Benin.  LCN also filed third party complaints against Bailey, Knapp, Parks, Ingold, and Quinn ("Connally Team"), alleging tortious interference with contract on the grounds that the Connally Team, including Bailey, intentionally interfered with the Benin contract.

  The factual basis for this allegation, as alleged by LCN is as follows:  LCN contracted with the Marlin Group to install and maintain a 15M Vertex Antenna in Benin, Africa.  LCN and Connally then began negotiations for a contract to install the Vertex equipment at the Benin site.  Bailey attended two meetings in Virginia, on behalf of Connally, to discuss and negotiate the Benin project.  At one of these meetings, on April 13, 2005, Connally representatives, including Bailey, met with LCN in Virginia to negotiate contract for the Benin Vertex installation.  In the course of this meeting, Bailey made false statements regarding the need for a Vertex Certified Supervisor, which LCN relied upon in entering into the agreement with

Connally.  LCN and Connally entered into a contract on April 15, 2005 for the Vertex equipment installation on the Marlin Group's project site in Africa.

Bailey was actively involved in the performance of the contract in Africa as a member of the Connally team.  As part of the business arrangement, LCN's client Marlin Group provided the Connally team with accommodations in Benin.  In July, 2005, Bailey and other members of the Connally team began to complain about the accommodations, and problems ensued between the Connally team and Marlin Group employees.  Bailey sent a number of emails to LCN in Virginia complaining about the accommodations.  In September, 2005, there were several incidents between Connally staff and Marlin Group, including fist fights and noise disturbances.  In November, 2005, Connally learned that a Vertex employee would be required to complete the installation, contrary to Bailey's assertions to LCN, causing additional delays and costs to the contract.  As a result of these delays and the various incidents between the Connally team (including Bailey) and the Marlin Group, the project is not complete, and the business relationship between LCN and the Marlin Group has been frustrated.

LCN filed a third party complaint against Bailey, alleging tortious interference with the Benin contract.  Bailey has filed a motion seeking to dismiss the action based on lack of

personal jurisdiction in the Eastern District of Virginia.  This motion is currently before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction. To establish jurisdiction over a non-resident, this Court must first consider whether jurisdiction is authorized by Virginia law. Then, having found statutory authorization, the Court must consider whether the exercise of personal jurisdiction is consistent with traditional notions of fair play and due process. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985). Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).  It may, however, be possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision.  *See DeSantis v. Hafner Creations, Inc.*, 949 F.Supp. 419, 423 (E.D. Va. 1996).  As always, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### III. Analysis

Because sufficient contacts with Virginia have not been established, LCN has not satisfied the statutory and constitutional due process requirements necessary to establish personal jurisdiction. Accordingly, Third party defendant's motion to dismiss will be granted.

A. <u>Third-Party Plaintiff Failed to Establish Jurisdiction Under Virginia's "Single Transaction" Theory</u>

The Virginia long-arm statute extends the Court's personal jurisdiction to "encompass all nonresidents who transact *any business* within Virginia so long as the cause of action asserted arises from the nonresident's transaction of business." *See Peanut Corp. Of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313-14 (4th Cir. 1982)(citing Va. Code 8.01-328.1)(emphasis in original). Virginia's long-arm statute is a "single act" statute, meaning that a single act of business can confer jurisdiction provided that it is significant and demonstrates purposeful activity in Virginia. *Production Group Intern., Inc. v. Goldman*, 337 F.Supp.2d 788, 793 (E.D. Va.. 2004).

The statute has been construed to extend in personam jurisdiction to the outmost perimeters of due process. *See Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982); *Kolbe, Inc. v. Chromodern Chair Co., Inc.*, 180 S.E.2d 664, 667 (Va. 1971) ("It is manifest that the purpose

of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause."); *Carmichael v. Snyder*, 164 S.E.2d 703, 707 (Va. 1968). ("Admittedly, Chapter 4.1, Title 8 of the Code is a deliberate and conscious effort on the part of the General Assembly of Virginia to assert jurisdiction over nonresident defendants to the extent permissible by the Due Process Clause.").

Personal jurisdiction must also fit the traditional notions of fair play and substantial justice. Under due process principles, personal jurisdiction may be conferred for a specific cause of action not only by the acts giving rise to the claim, but also by acts related to the claim itself. *See, e.g., Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). This Court has held that "arising from" should be broadly construed to mean "related to." *Goldman*, 337 F.Supp.2d at 794-95. Under this construction, any contract performance activity in the forum satisfies the single transaction rule. *Id.*

To establish personal jurisdiction under the single transaction rule, however, actual business must be transacted in the forum state. Negotiation in the forum state is not by itself sufficient to establish jurisdiction under the single transaction theory. See *Viers v. Mounts,* 466 F.Supp. 187, 191 (W.D. Va. 1979)("[p]hysical presence in the forum state during contract

negotiation is insufficient to establish jurisdiction when execution and performance of the contract elsewhere.").

Bailey attended and participated in two meetings within the Commonwealth of Virginia in negotiating the Benin contract. However, Bailey's purpose in attending those meetings was to help negotiate a contract between LCN and Connnally, to which Bailey was not a party. The actual contract was not formed until two days after the meetings in Virginia. Furthermore, LCN claims tortious interference against Bailey with respect to the *LCN/Marlin Group* contract, not breach or fraudulent inducement of the *LCN/Connally* contract, which the Virginia meetings concerned. The alleged false statements regarding the need for a Vertex certified technician relate only to the contract later formed between *LCN* and *Connally*.

The Virginia meetings (and statements made during those meetings) are the only contacts alleged between Bailey and the forum, and do not give rise or relate to the tortious interference claim. A cause of action for tortious interference with contract requires *intentional interference inducing or causing a breach or termination* of the contract or expectancy. *Krantz v. Air Line Pilots Ass'n Intern.*, 427 S.E. 2d 326, 328 (Va. 1993). Plaintiff does not allege that Bailey's statements or presence *in Virginia* were intended to interfere with the contract between LCN and Marlin Group. Instead, LCN alleges that

the claim for intentional interference with a contract arose from a series of incidents, complaints, and emails that originated *in Africa*.

As a result, LCN has not established a sufficient nexus between the tortious actions alleged to have occurred in Africa and the forum. The sending of email complaints to a party in Virginia from a foreign jurisdiction alone is not an act within the forum state sufficient to establish personal jurisdiction. *Unidyne Corp. v. Aerolineas Argintinas*, 590 F.Supp. 391, 396 (E.D. Va. 1984).[1] Nothing alleged suggests that Bailey used a server or other means located in Virginia to send complaint emails to LCN sufficient to establish a nexus with the forum state. Nor do the alleged fights and disturbances between the Connally team and the Marlin Group *in Africa* arise from contacts with *Virginia*. Therefore, even given Virginia's construction of the "single act" rule, the third party plaintiff has failed to establish personal jurisdiction over Bailey through the long-arm statute.

---

[1] *Cf. Krantz,* 427 S.E. 2d. at 328-29. The Virginia Supreme Court found that the sending of emails through a Virginia server as part of a scheme to further tortious acts was sufficient to establish personal jurisdiction. However, the decision hinged on the server's location in the forum state. Nothing in the facts alleged against Bailey suggest he used a Virginia server to send any of the alleged complaint emails. *See also TELCO Communications v. An Apple A Day*, 977 F.Supp. 404 (E.D. Va. 1997) (personal jurisdiction warranted when press releases were made on a web site available to Virginia residents and supported by a Virginia internet service provider).

B. <u>Third Party Plaintiff Failed to Establish Jurisdiction Under Va. Code 8.01-328.1(A)(4)</u>

Personal jurisdiction does not exist in this case under Va. Code 8.01-328.1(A)(4). Personal jurisdiction may be conferred when a non-resident defendant's acts or omissions outside of Virginia caused harm or injury in Virginia, when the defendant regularly does business in the Commonwealth or derives substantial revenue from Virginia. Va. Code 8.01-328.1(A)(4); *Corry v. CFM Majestic*, 16 F.Supp.2d 660, 663 (E.D. Va. 1998).

Third party defendant Bailey is a nonresident of the Commonwealth of Virginia, and the alleged tortious interference with contract occurred in Africa. Nothing in the facts alleged suggests a continuous stream of commerce or derivation of substantial revenue from Virginia, therefore,

## IV. Conclusion

For the foregoing reasons, third party defendant Bryan Bailey's motion to dismiss for lack of personal jurisdiction is hereby granted. An appropriate order will issue.

September 14, 2006　　　　　　　　_____/s/_____
Alexandria, Virginia　　　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　　　United States District Court Judge